## DWELLE v. PLUMMER.

1. REPLEVIN.
In an action of replevin the plaintiff must recover on the strength of his own title, and make proof which in some way establishes a right in him to the possession of the thing replevied.
2. SAME.
Where the property in controversy belonged to a voluntary association, by the constitution and by-laws of which the secretary and treasurer was intrusted with the custody and care of its property, and the plaintiff by consent, but without election or appointment was discharging the duties appertaining to the position, and the property had never been put into her possession: *held*, replevin therefor could not be maintained by her.

*Appeal from the County Court of Arapahoe County.*

Mr. BENJAMIN STAUNTON, for appellant.

No appearance for appellee.

BISSELL, P. J., delivered the opinion of the court.

Mrs. Dwelle brought replevin against the appellee Plummer to recover possession of a piano. The case originated before a justice, and having been afterwards tried on appeal before the county court, she brought the case here to reverse the judgment which had been rendered against her. It would seem that, in 1892, there was an organization called " The Women's Association of Progressive Workers," consisting of some eighteen or twenty different women. The association occupied some premises which were owned by Plummer, and at some time during the occupancy it had placed the piano in the rooms. The matter is not made entirely clear by the testimony, but the association had evidently changed its quarters or was about to change them, and when Mrs. Dwelle called to get the piano Plummer refused to let her have it. The reason of the refusal is not clear, since the rent was

paid, but under some sort of a notice, Plummer reserved the right to retain the instrument or at least to refuse to surrender it to Mrs. Dwelle. Prior to the trial, the Association of Workers incorporated under the statute. Whether they had incorporated at the time of the demand and before the suit was not shown. On the trial, the plaintiff in support of her claim of right to the possession of the property introduced the constitution and by-laws which had been adopted by the voluntàry organization of the parties. Under that constitution and those by-laws the secretary and treasurer of the organization was intrusted with the custody and care of what personal property might belong to the body. The particular custody was evidently given to the one elected or appointed to that position. At the time that Mrs. Dwelle went for the piano she was discharging the duties of treasurer, but had never been either elected or appointed to the office by the board of directors, which had the power of election and appointment. The original appointee or elective officer had in some way gone out of office, and Mrs. Dwelle by the consent of the parties was discharging the duties appertaining to the position. So far as the evidence goes, the property had never been turned over to her, or in any way put into her possession.

This statement of facts disposes of the present appeal, and renders it necessary to affirm the judgment. It is always true that some sort of property, either general or special, must exist to carry with it the right to the possession of personal property replevined and to entitle the plaintiff to maintain this kind of an action. It is wholly unnecessary to go into distinctions between property general and property special, and the statement of the kind of right which will support the action as against an intruder or one without any sort of claim, which would seem to be the position occupied by Plummer. In actions of this description, the plaintiff must recover on the strength of her own title, and she must make proof which in some way establishes a right in her to the possession of the thing replevined. Having failed to do this,

Mrs. Dwelle manifestly could not maintain the action.  The association, of course, is not without a remedy, whether it be or be not incorporated, and that remedy the parties are probably still at liberty to pursue.

The judgment of the court below being in accord with these views, it must be affirmed.

*Affirmed.*